IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE R. ZAMBRANO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Cause No.: 3:17-cv-00292 |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JOSE R ZAMBRANO, (hereinafter referred to as "Plaintiff"), complaining of THE UNITED STATES OF AMERICA (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff JOSE R. ZAMBRANO reside in El Paso County, Texas.

2. Defendant THE UNITED STATES OF AMERICA is a governmental entity and may be served with process by serving the Attorney General of Texas, Ken Paxton, or an assistant United States Attorney or a clerical employee designated by the U.S. Attorney to accept service at 300 W. 15th Street, Austin, Texas 78701 and/or P.O. Box 12548, Austin, Texas 78711-2548 by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney General to include a copy of the summons and complaint. Pursuant to FRCP 5.5.1, Defendant THE UNITED STATES OF AMERICA will also be served with process by serving the U.S. Attorney General by registered or certified mailed addressed to U.S. Attorney General, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., 20530 to include a copy of the summons and complaint.

## II. Jurisdiction and Venue

3. The Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 USC 2671, et seq. and 28 USC 1346(b).

4. Venue is proper in this district pursuant to 28 U.S.C. 1402(b) because the events forming the basis of this complaint took place in the District of Texas, specifically El Paso County, Texas.

5. Plaintiff gave timely notice to Defendant United States of his claims in accordance with the Federal Tort Claim Act. More than 15 months have elapsed since filing the Claim and there has been no resolution despite attempts to settle the claim in September of 2016. In accordance with Section 2675 (a) of Title 28 of the United States Code, Plaintiff deems the claim finally denied by the U.S. Customs and Border Protection, Department of Homeland Security.

## III. Statements of Facts

6. The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about May 6, 2016 in El Paso, El Paso County, Texas. At such time and place, your agent David Nunez Flores acting in the course and scope of his employment with Defendant United States (U.S. Customs and Border Protection, Department of Homeland Security), was driving said vehicle approaching the intersection at the 700 block of St. Vrain. Simultaneously, Plaintiff was traveling on Sixth street and entered the intersection when Agent Flores failed to yield the right of way and crossed into Plaintiff's path causing a sudden impact. As a direct and proximate result Agent Flores' conduct in driving in the above matter, the vehicle driven by Plaintiff received an impact with tremendous force, causing severe and permanent harm to the Plaintiff. At the time and place of the above described collision, Agent Flores negligently operated or maintained the motor vehicle owned by Defendant United States so that it struck and collided with Plaintiff's vehicle.

## IV. CAUSE OF ACTION
### FEDERAL TORT CLAIMS ACT

7. Said collision and Plaintiff's damages were proximately caused by Defendant United States employee's violation of the laws of the State of Texas and of the United States of America constituting negligence per se.

8. Defendant United States owed a duty of reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant United States of America and Agent Flores in the course and scope of his employment with Defendant United States arising from one or more of the following alternative theories of negligence: Plaintiff asserts the theory of Respondeat Superior of Defendant United States.

   a. Failure to keep a proper lookout;
   b. Excessive Speed; Driving at a speed greater than is reasonable;
   c. Failure to reduce the speed of his vehicle for special;
   d. Failure to maintain an assured, clear stopping distance between the two vehicles;
   e. Failure to use due care in operating a motor vehicle;
   f. Failure to safely apply brakes to avoid a collision;
   g. Failure to turn to the left or right to avoid a collision;
   h. Failure to warn of his approach;
   i. Failure to take proper evasive action;
   j. Failure to pay attention;
   k. Other negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was proximate cause of Plaintiffs' damages.

9. Defendant United States' acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

   a. Negligent training of Defendant United States and David Nunez Flores in driving a vehicle;
   b. Negligent supervision of Agent Flores;

*Jose R. Zambrano v. The United States of America*
**PLAINTIFF'S ORIGINAL COMPLAINT**
3 | P a g e

    c.      That on May 6, 2014, Defendant United States was negligent by entrusting control and operation of the motor vehicle which was under their ownership and control to Agent Flores;

    d.      Other negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was proximate cause of Plaintiffs' damages.

## V. NEGLIGENCE OF DRIVER FLORES

10. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Agent Flores:

    a.      Failure to keep a proper lookout;
    b.      Excessive Speed; Driving at a speed greater than is reasonable;
    c.      Failure to reduce the speed of his vehicle for special;
    d.      Failure to maintain an assured, clear stopping distance between the two vehicles;
    e.      Failure to use due care in operating a motor vehicle;
    f.      Failure to safely apply brakes to avoid a collision;
    g.      Failure to turn to the left or right to avoid a collision;
    h.      Failure to warn of his approach;
    i.      Failure to take proper evasive action;
    j.      Failure to pay attention;
    k.      Other negligence.

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was proximate cause of Plaintiffs' damages.

## VI. DAMAGES OF PLAINTIFF

11. As a result of the occurrence, Plaintiff suffered severe bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such

*Jose R. Zambrano v. The United States of America*
**PLAINTIFF'S ORIGINAL COMPLAINT**
4 | P a g e

services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

12.     As a result of the occurrence, Plaintiff has lost income in the past and has incurred lost future wage earning capacity. Plaintiff has suffered pain and suffering in the past. Plaintiff will continue to suffer mental pain and anguish in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered and will continue to suffer disfigurement. Plaintiff has suffered damages within the jurisdictional limits of this Court.

### VII. JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer, and that upon final trial, Plaintiff has judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**FLORES, TAWNEY & ACOSTA P.C.**

_____
ALEJANDRO ACOSTA, III
State Bar No. 24064789
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
Phone: (915)308-1000
Facsimile: (915) 300-0283
aacosta@ftalawfirm.com

***ATTORNEY FOR PLAINTIFF***